# No. 25-50130

# In the United States Court of Appeals for the Fifth Circuit

THE LUTHERAN CHURCH—MISSOURI SYNOD, A MISSOURI NONPROFIT CORPORATION,

*Plaintiff-Appellant,*

v.

DONALD CHRISTIAN; CHRISTOPHER BANNWOLF; JOHN DOES 1-12; CONCORDIA UNIVERSITY TEXAS INCORPORATED,

*Defendants-Appellees.*

―――――――――――――

On Appeal from the United States District Court
for the Western District of Texas (Austin)
No. 1:23-cv-01042, Hon. David A. Ezra

―――――――――――――

## APPELLANT'S UNOPPOSED MOTION TO EXPEDITE APPEAL
―――――――――――――

STEVEN C. LEVATINO
LEVATINO │ PACE, L.L.P.
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, TX 78746

ANDREW F. MACRAE
MACRAE LAW FIRM, P.L.L.C.
3267 Bee Cave Road
Suite 107, PMB 276
Austin, TX 78746

DANIEL H. BLOMBERG
ANDREA R. BUTLER
ROBERT K ELLIS
THE BECKET FUND FOR
   RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
   Suite 400
Washington, D.C. 20006

WALLACE B. JEFFERSON
KEVIN H. DUBOSE
ALEXANDER DUBOSE &
   JEFFERSON, L.L.P.
1844 Harvard Street
Houston, TX 77008

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

Counsel of record certifies that the following persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Plaintiff-Appellant** | **Counsel for Plaintiff-Appellant** |
|---|---|
| - The Lutheran Church—Missouri Synod, a Missouri Nonprofit Corporation | *The Becket Fund for Religious Liberty:*<br>- Daniel H. Blomberg<br>- Andrea R. Butler<br>- Robert K Ellis<br><br>*Alexander Dubose & Jefferson, L.L.P.*<br>- Wallace B. Jefferson<br>- Kevin H. Dubose<br><br>*Kronenberger Law Firm, P.L.L.C.*<br>- Gregg R. Kronenberger<br><br>*Levatino Pace, L.L.P.*<br>- Steven C. Levatino<br><br>*MacRae Law Firm, PLLC*<br>- Andrew F. MacRae |

| **Defendants-Appellees** | **Counsel for Defendants-Appellees** |
|---|---|
| - Donald Christian<br>- Christopher Bannwolf<br>- Concordia University Texas, Inc. | *Richards, Rodriguez & Skeith, L.L.P.*<br>- Daniel R. Richards<br>- Albert A. Carrion, Jr.<br>- Clark W. Richards<br><br>*Law Office of Max Renea Hicks*<br>- Max Renea Hicks |

<u>*/s/ Daniel H. Blomberg*</u>
Daniel H. Blomberg
*Counsel for Plaintiff-Appellant*

Appellant Lutheran Church—Missouri Synod (LCMS) respectfully requests that this Court expedite oral argument, calendaring it for argument in August 2025 or the next available date thereafter, and that this Court resolve this appeal with sufficient promptness to preserve this Court's ability to meaningfully review the order below.

This appeal concerns LCMS's argument that the appealed order below violates fundamental First Amendment rights. Those rights now face the risk of irreparable harm without expedited resolution of this appeal. Appellee Concordia is arguing in a state court proceeding against LCMS that state courts must obey the appealed order below, and that they should not follow normal comity rules to wait for this Court's ruling on whether that appealed order is correct. The state trial court has accepted those arguments, and LCMS has sought reconsideration. While LCMS is diligently seeking to preserve its rights in state court, the practical upshot is that LCMS's constitutional injury from the district court's ruling could become irreparable absent expedited resolution here. In light of those unique circumstances, expedited review is warranted.

Appellees Concordia University Texas, Donald Christian, and Christopher Bannwolf (collectively, "Concordia") do not oppose expedited review, as long as it does not change the briefing schedule or prevent oral argument. This Court has granted similar relief where expedition helped avoid injury to constitutional rights. *See, e.g.,* Order, *Nat'l Infusion Ctr. v. Becerra*, No. 24-50180 (5th Cir. Apr. 1, 2024), ECF 32.

## FACTUAL BACKGROUND

LCMS founded Concordia more than a century ago as a denominational university to train pastors and other church workers. ROA.1240-42.[1] In 2022, Concordia attempted to unilaterally amend its governing documents to remove itself from LCMS governance. ROA.1244-45. LCMS filed this lawsuit in federal court to restore its governance rights. Four months later Concordia sued LCMS in Travis County state court, seeking declaratory relief to the contrary. ROA.15; ROA.3301. LCMS removed that state case to federal court. ROA.3302.

Concordia moved to dismiss the federal suit and remand its state suit. It argued that the Church's ecclesiastical body, known as the Synod, was a jural entity legally separate from LCMS, was an unincorporated association with members in Texas, was the sole real party in interest, and was an indispensable party. ROA.1800-22. LCMS answered that Concordia's interpretation of its polity contradicted 130 years of Church law and governance and violated the First Amendment, along with other state and federal law. The district court agreed with Concordia, concluded there was no diversity jurisdiction, and dismissed the federal suit and remanded the state suit. ROA.3321.

---

[1] Appellant Lutheran Church—Missouri Synod is a Missouri non-profit corporation that is the incorporated civil law representation of the denomination with the same name. This motion refers to the Missouri corporation as "LCMS," its non-jural ecclesiastical body as the "Synod," and the whole faith group as the "Church."

LCMS promptly appealed the dismissal of the federal lawsuit and designated this appeal as a priority case. *See* 5th Cir. R. 47.7. LCMS filed its opening brief on April 28, 2025. Concordia's response brief is due on June 27, 2025.

Meanwhile, Concordia's remanded state suit, which names both the Synod and LCMS as defendants, has resumed proceedings over LCMS's objections. There, LCMS filed a Special Appearance on behalf of the Synod, explaining that the court did not have personal jurisdiction over the Synod because it is not a separate legal entity and that subjecting it to suit violates the First Amendment. *See* Tex. R. Civ. P. 120a. LCMS sought a stay of the state-court proceedings until resolution of this appeal under the "general rule" that, as a matter of comity, Texas courts "stay the later-filed proceeding" until full "adjudication of the first suit." *See, e.g., In re AutoNation, Inc.*, 228 S.W.3d 663, 640 (Tex. 2007).

Concordia responded that the state court should deny the Special Appearance because the federal court's remand order is not only correct but binding. *See* Hr'g Tr. at 37:25-38:8, *Concordia Univ. Tex. v. LCMS*, No. D-1-GN-24-000358 (Tex. 353rd Dist. Ct. Apr. 17, 2025), https://perma.cc/LN28-8XE6. And Concordia argued that standard comity rules do not apply because the federal district court's order meant that "federal court[s] … can't touch this" case, so "[t]here is not another court exercising jurisdiction" other than the state court. *Id.* at 56:13-23.

3

The state trial court denied the Special Appearance and stay motions in a one-paragraph order. Order, *Concordia Univ. Tex. v. LCMS*, No. D-1-GN-24-000358 (Tex. 353rd Dist. Ct. Apr. 28, 2025). On May 2, 2025, LCMS moved for reconsideration of both motions. To date, the state trial court has not issued an order on the reconsideration motion.

**ARGUMENT**

Good cause to "expedite the consideration" of an appeal exists "if a right under the Constitution of the United States … would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a); 5th Cir. R. 27.5; 5th Cir. R. 34.5. "Good cause" exists to expedite this appeal for three reasons.

*First*, as explained in LCMS's opening brief and the briefs of several amici—which include denominations, legal scholars, and the State of Missouri—this appeal raises core First Amendment issues for this Court's resolution. And because the state-court action is now proceeding in reliance on a disposition below that LCMS contends is unconstitutional, expedited review is warranted to avoid violating the First Amendment.

Specifically, since 1894, LCMS has been the Church's designated body charged with protecting its civil interests within Church polity, and the Synod has been barred by Church law from playing that role. *See* ROA.2227-28. The district court held the reverse: that LCMS has *no* stake in this case and that only the Synod can represent the Church's

4

civil interests here. *See* Appellant's Br. 21-35. LCMS's appeal argues that holding violates the First Amendment. *Id.* at 20 (citing *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-09 (1976) (civil courts must "accept" a church's determination of "religious issues of doctrine or polity")).

If LCMS is correct, reliance on the district court's order to require the Synod to proceed as a defendant in state court, including answering discovery there, would create an ongoing violation of First Amendment rights. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018) (recognizing "structural protection afforded religious organizations" can preclude discovery against religious organizations). And "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012). Thus, expeditiously reviewing the district court's order is warranted.

*Second*, expediting this appeal is necessary to preserve this Court's ability to meaningfully review the district court's order. Concordia argued to the state trial court that "[t]he federal court decision precludes [the state court] from even making a decision" on whether the First Amendment bars joining the Synod as a party. *See* Hr'g Tr. at 37:25-38:8. Concordia also argued against staying the state-court proceedings to allow resolution of this appeal. Concordia Resp. to Mot. to Stay at 10, *Concordia Univ. Tex. v. LCMS*, No. D-1-GN-24-000358 (Tex. 353rd Dist. Ct.

5

Apr. 14, 2025), https://perma.cc/K2SH-6HDS. And Concordia asserted that, after obtaining judgment in state court, it can in the future seek to bar as precluded any "claims raised by LCMS's federal suit." *Id.* at 9-10.

Thus, expediting this appeal is warranted to prevent threatened harm to LCMS's ability to obtain meaningful appellate review of the district court's ruling, and forestall constitutional harm created by an erroneous ruling. This Court has expedited argument in cases where a party faces constitutional injury. *See, e.g.,* Order, *Nat'l Infusion Ctr. v. Becerra*, No. 24-50180 (5th Cir. Apr. 1, 2024), ECF 32 (expediting appeal where appellants argued that compelling them to participate in an unconstitutional administrative process created irreparable harm).

*Third*, Concordia will not be prejudiced by expediting this appeal, as Concordia's counsel indicated it does not oppose expedited consideration if such relief does not change the briefing schedule or prevent oral argument.

As noted above, the state trial initially denied LCMS's motion for reconsideration on the Special Appearance and Motion to Stay, though a reconsideration motion is now pending. LCMS plans to seek prompt appellate review of both issues if reconsideration is denied. If the state courts stay their proceedings pending the outcome of this appeal, LCMS will notify this Court immediately and will withdraw this motion.

6

## CONCLUSION

LCMS respectfully requests this Court expedite oral argument in this matter and calendar it for argument in August 2025, or the next available date thereafter, and to resolve this appeal after oral argument with sufficient promptness to preserve this Court's ability to provide meaningful review of the order below.

Respectfully submitted,

Dated:   May 12, 2025

/s/ Daniel H. Blomberg
DANIEL H. BLOMBERG
ANDREA R. BUTLER
ROBERT K ELLIS
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
  Suite 400
Washington, D.C. 20006

STEVEN C. LEVATINO
LEVATINO | PACE, L.L.P.
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, TX 78746

ANDREW F. MACRAE
MACRAE LAW FIRM, P.L.L.C.
3267 Bee Cave Road
Suite 107, PMB 276
Austin, TX 78746

WALLACE B. JEFFERSON
KEVIN H. DUBOSE
ALEXANDER DUBOSE &
  JEFFERSON, L.L.P.
1844 Harvard Street
Houston, TX 77008

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. All counsel of record are registered CM/ECF users, and will be served by the court's electronic filing system.

/s/ *Daniel H. Blomberg*
Daniel H. Blomberg