

1919 Pennsylvania Ave. NW, Suite 400  
Washington, D.C. 20006  
202-955-0095 / 𝕏 *@becketfund*  
www.becketfund.org

September 16, 2025

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court  
U.S. Court of Appeals for the Fifth Circuit  
600 S. Maestri Place, Suite 115  
New Orleans, LA 70130-3408

> Re: *The Lutheran Church—Missouri Synod v. Christian, et al.*, No. 25-50130
>
> **Response to Appellees' Notice of Supplemental Authority,** *McRaney v. North American Mission Board*, — F.4th —, 2025 WL 2602899 (5th Cir. Sept. 9, 2025)

Dear Mr. Cayce,

Concordia misunderstands *McRaney*.

First, *McRaney* rejects the idea that the neutral-principles approach permits "government interference with an internal church decision that affects the faith and mission of the church itself." Op.37-38, 32-33; Br.29-32; Reply Br.14-15. Noting that the Supreme Court "has never applied the neutral-principles analysis outside of the property-law context," Op.32, *McRaney* emphasized that the approach "is not some freestanding exception" to church autonomy that "allows courts to tread on *terra sancta* in the name of 'neutrality,'" Op.33. Yet that's how the district court treated it below, ROA.3313, which requires reversal. Reply Br.14-15.

Second, *McRaney* confirms that the polity issue presented here—"how to structure a religious institution," including "the choices religious organizations make about 'the formation of corporate entities'"—"is *itself* a religious decision." Op.39 (quoting *Catholic Charities Bureau v. Wisconsin*, 605 U.S. 238, 259 (2025) (Thomas, J., concurring)). Courts "cannot revise or question" a "church's decision[s]" on such matters, but must accept them as "final" and "binding on the civil courts." Op.32. Yet, again, the district court both questioned and revised LCMS's polity, requiring reversal. Br.32-33.



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

Third, *McRaney*'s logic undermines Concordia's attempts to "clos[e] the federal court doors" to church autonomy protections through dismissal or waiver. Resp.34-37. Recognizing that *Milivojevich* "did not order dismissal" but rather exercised jurisdiction to rule for the plaintiff church "on the merits," *McRaney* likewise rejected dismissal and affirmed "judgment on the merits." Op.29, 44 n.13; Reply Br.12-13. Further, *McRaney* quotes Texas Supreme Court Justice Young's opinion explaining that forbidding plaintiff churches from raising church autonomy arguments would impermissibly disfavor churches by giving them "*fewer* rights than everyone else." Op.29; Reply Br.12; *see also* Op.26 (indicating churches may affirmatively invoke church autonomy in a "motion for injunctive relief"). Finally, *McRaney* acknowledged that the Third, Sixth, and Seventh Circuits take "the view that the church autonomy doctrine is unwaivable," stated that this "view has much to commend it," and said nothing to support Concordia's view that churches automatically waive structural autonomy rights by bringing suit. Op.27-28 & n.6; Reply Br.11.

In sum, *McRaney*'s explanation of church autonomy's "wide-ranging scope" wholly contradicts Concordia's positions. Op.11.

Word Count: 350

                                         Respectfully submitted,

                                         */s/ Daniel H. Blomberg*

| | |
|---|---|
| STEVEN C. LEVATINO | DANIEL H. BLOMBERG |
| LEVATINO \| PACE, L.L.P. | ANDREA R. BUTLER |
| 1101 S. Capital of Texas Hwy. | ROBERT K ELLIS |
| Bldg. K, Suite 125 | THE BECKET FUND FOR |
| Austin, TX 78746 |  RELIGIOUS LIBERTY |
| | 1919 Pennsylvania Ave. NW |
| WALLACE B. JEFFERSON |  Suite 400 |
| 100 Congress Ave. | Washington, D.C. 20006 |
| Austin, TX 78701 | (202) 955-0095 |
| KEVIN H. DUBOSE | |
| ALEXANDER DUBOSE & | ANDREW F. MACRAE |
|    JEFFERSON, L.L.P. | MACRAE LAW FIRM, P.L.L.C. |
| 1844 Harvard Street | 3267 Bee Cave Road |



1919 Pennsylvania Ave. NW, Suite 400<br>Washington, D.C. 20006

Houston, TX 77008  Suite 107, PMB 276
Austin, TX 78746

*Counsel for Plaintiff-Appellant*

cc: All counsel of record (by ECF notification)