

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @becketfund
www.becketfund.org

January 22, 2026

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

      **Re:** ***The Lutheran Church—Missouri Synod v. Christian, et al.*,
         No. 25-50130**

      **Appellant's Notice of Supplemental Authority,** *Union
      Gospel Mission of Yakima v. Brown*, — F.4th —, No. 24-7246,
      2026 WL 32636 (9th Cir. Jan. 6, 2026)

Dear Mr. Cayce,

    *Union Gospel* demonstrates that the First Amendment's church autonomy doctrine can be raised by religious plaintiffs as a claim, that it can be the basis for types of relief other than dismissal, and that it is not subject to a broad "neutral principles" exception. It thus rebuts Concordia's contention that "closing the federal court doors" to LCMS somehow "does not inhibit" church autonomy. Resp.34-35.

    In *Union Gospel*, a religious group challenged Washington's regulation of the group's religious employment decisions, claiming it violated the church autonomy doctrine. 2026 WL 32636, at *2-4. Washington argued that, if a case can "be decided under neutral and generally applicable legal principles," church autonomy is not offended. Opening Br. at 40, *Union Gospel*, 2024 WL 6468614. The Ninth Circuit ruled for the religious group, agreeing that the church autonomy doctrine "forbids" governmental second-guessing of "an internal church decision that affects the faith and mission of the church itself." *Union Gospel*, 2026 WL 32636, at *12. The court then affirmed a preliminary injunction protecting the group's "internal management decisions" regarding religious hiring practices, since they reflected a key "way [this] religious community defines itself." *Id.* at *8-9 (quotation marks omitted).



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

*Union Gospel* is instructive here. First, it shows that plaintiff religious organizations may invoke the protections of church autonomy even when they initiate suit. *Contra* Resp.35; *cf.* Reply Br.10-13. Second, it illustrates that the relief available under the church autonomy doctrine is not limited to dismissal. *Contra* Resp.36; *cf.* Reply Br.12. And third, it exemplifies the point that a religious group cannot be "forced to disregard or alter its religious mission to satisfy secular law" on matters that fall within church autonomy's protections, *Union Gospel*, 2026 WL 32636, at *9, even where a defendant frames the compulsion as being required by neutral principles of law. *Contra* Resp.38-41; *cf.* Br.29-32; Reply Br.14-15. Rather, as in *Union Gospel*, the way that the LCMS's religious community has chosen to define its polity is an internal church decision intertwined with the faith and mission of the Church and is thus entitled to First Amendment protection.

Word Count: 345

Respectfully submitted,

*/s/ Daniel H. Blomberg*

STEVEN C. LEVATINO
LEVATINO│PACE, L.L.P.
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, TX 78746

WALLACE B. JEFFERSON
100 Congress Ave.
Austin, TX 78701
KEVIN H. DUBOSE
ALEXANDER DUBOSE &
   JEFFERSON, L.L.P.
1844 Harvard Street
Houston, TX 77008

DANIEL H. BLOMBERG
ANDREA R. BUTLER
ROBERT K ELLIS
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
 Suite 400
Washington, D.C. 20006
(202) 955-0095

ANDREW F. MACRAE
MACRAE LAW FIRM, P.L.L.C.
3267 Bee Cave Road
Suite 107, PMB 276
Austin, TX 78746

*Counsel for Plaintiff-Appellant*

cc: All counsel of record (by ECF notification)