

**CLARK RICHARDS**
PARTNER

January 26, 2026

*Via E-Filing*
Lyle W. Cayce, Clerk of Court
U.S. Fifth Circuit Court of Appeals
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

> Re:     Case No. 25-50130; *The Lutheran Church-Missouri Synod, a Missouri Nonprofit Corporation v. Donald Christian, Christopher Bannwolf, and Concordia University Texas Incorporated.*
>
> **Appellees' Response to Appellant's January 22, 2026 Notice of Supplemental Authority.**

Dear Mr. Cayce,

*Union Gospel* adds nothing to this case. It involved a religious ministry's pre-enforcement declaratory judgment action against state officials to invalidate a state statute—interpreted to apply to religious organizations' hiring of non-ministerial employees—on the ground that the church autonomy doctrine barred its application to Union Gospel's hiring decisions. Slip op. 9. The only issue was whether the church autonomy doctrine protects church hiring policies favoring co-religionists for non-ministerial positions, *id.*, an issue not present here.

Union Gospel's pre-enforcement declaratory judgment action challenging a state statute under the church autonomy doctrine was defensive, using the doctrine as a shield against future government intrusion into church hiring. Here, in contrast, LCMS seeks to use the church autonomy doctrine offensively in a private dispute, as a sword to obtain a federal court ruling "confirming" an internal decision by the church's highest ecclesiastical body about a private property dispute. ROA.1255 (¶50). The two types of legal claims are fundamentally different, and concluding that Union Gospel's claim could be brought in federal court offers no guidance on whether LCMS's can. Union Gospel filed its federal claim using the church

autonomy doctrine to avoid threat of enforcement, whereas LCMS filed its federal claim using the church autonomy doctrine *to enforce* an ecclesiastical decision. Federal courts do not have jurisdiction to hear what amounts to an appeal of an ecclesiastical decision, *Watson v. Jones*, 80 U.S. 679, 728 (1872), a rule fitting this case but not *Union Gospel*.

LCMS's argument that *Union Gospel* rejects Concordia Appellees' waiver argument is unsupported by the *Union Gospel* opinion and contradicts this Court's recent decision in *McRaney II*, 157 F.4th at 644-45 (church autonomy doctrine "analogous to the jurisdictional doctrine of state sovereign immunity," and "state sovereign immunity is waivable"). *McRaney II*, not *Union Gospel*, fits Concordia Appellees' waiver argument.

LCMS likewise errs in characterizing *Union Gospel* as rejecting any "neutral principles exception." It does nothing of the sort, whereas *McRaney II* expressly acknowledges its applicability in property disputes of the sort here. 157 F.4th at 640 n.3.

Word Count: 339

Respectfully submitted,

*/s/ Daniel R. Richards*
Daniel R. Richards
Texas Bar No. 00791520
drichards@rrsfirm.com
Clark Richards
Texas Bar No. 90001613
crichards@rrsfirm.com
Albert A. Carrion, Jr.
Texas Bar No. 03883100
acarrion@rrsfirm.com
RICHARDS RODRIGUEZ & SKEITH, LLP
611 West 15th Street
Austin, Texas 78701
(512) 476-0005

January 26, 2026
Page 3 of 3

---

Renea Hicks
Texas Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas  78703
(512) 480-8231
rhicks@renea-hicks.com

***ATTORNEYS FOR APPELLEES***

cc:     All counsel of record (by e-filing system)