

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / X *@becketfund*
www.becketfund.org

January 29, 2026

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

> Re: ***The Lutheran Church—Missouri Synod v. Christian, et al.,***
> **No. 25-50130**
>
> **Response to Appellees' Notice of Supplemental Authority,**
> *Rx Solutions, Inc. v. Caremark, L.L.C.*, No. 25-60084, 2026 WL
> 100806 (5th Cir. Jan. 14, 2026)

Dear Mr. Cayce,

*Rx Solutions* supports diversity jurisdiction here. Applying the Rule 12(b)(6) standard of review that construes the "facts in the light most favorable to the plaintiff," *Rx Solutions* concluded that a defendant's admission of citizenship in its answer was "an evidentiary admission" that the district court could consider in confirming diversity, even though that answer was superseded by an amended complaint. 2026 WL 100806, at *2, 6. And this conclusion was supported by defendant's later concession that it was indeed diverse. *Id.* at *6 & n.7.

Likewise, here, the Court "resolve[s] … any factual conflicts" in LCMS's favor. *Halliburton Energy Servs. v. Ironshore Specialty Ins.,* 921 F.3d 522, 539 (5th Cir. 2019); Reply Br.2; Br.18. That standard makes short work of Concordia's argument: both LCMS's original complaint and the operative amended complaint make clear that LCMS is the sole plaintiff and that the Synod "is not a 'civil law entity'" capable of filing suit. ROA.18 & ROA.1234.

Concordia's contrary evidentiary point relies on a single preposition, "by," buried in a footnote. But even if that could suggest a factual conflict, LCMS's pleadings and supporting declarations have amply shown that LCMS, not the Synod, is the proper—and only possible—party here. *See*



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

Br.4-7, 25-26. As the Church explained, and as reflected by the church's doctrine and practice for over 130 years, it would violate the Church's polity for the Synod to file a civil lawsuit, ROA.3224-25, which is why "the Synod has never … sued or been sued in a civil court," ROA.2228. Not only does the church autonomy doctrine require civil courts to credit the Church's sincere articulation of its polity, *see* Br.21-24, but *Rx Solutions* confirms the standard of review supports that outcome too, 2026 WL 100806, at *5-6. By contrast, Concordia's argument *requires* this Court to second-guess and reject Church polity. That intrusion into a pure matter of internal church governance cannot be squared with the First Amendment. *McRaney v. NAMB*, 157 F.4th 627, 652-53 (5th Cir. 2025) ("[T]he decision how to structure a religious institution is *itself* a religious decision" into which "secular courts" may not "interpose[]").

Word Count: 350

Respectfully submitted,

*/s/ Daniel H. Blomberg*

STEVEN C. LEVATINO
LEVATINO⏐PACE, L.L.P.
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, TX 78746

WALLACE B. JEFFERSON
100 Congress Ave.
Austin, TX 78701
KEVIN H. DUBOSE
ALEXANDER DUBOSE &
    JEFFERSON, L.L.P.
1844 Harvard Street
Houston, TX 77008

DANIEL H. BLOMBERG
ANDREA R. BUTLER
ROBERT K ELLIS
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
 Suite 400
Washington, D.C. 20006
(202) 955-0095

ANDREW F. MACRAE
MACRAE LAW FIRM, P.L.L.C.
3267 Bee Cave Road
Suite 107, PMB 276
Austin, TX 78746

*Counsel for Plaintiff-Appellant*

cc: All counsel of record (by ECF notification)